[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TOSET ASIDE THE COURT'S DECISION AND ORDERS DATED MARCH 2, 1995
The defendant's above motion is denied. CT Page 4834
The defendant's principal argument to set aside this court's decision of March 2, 1995, claims this court was not aware of and did not consider the $300 child support order entered by Judge Karazin on October 24, 1991, which modified the original $450 child support order entered January 4, 1989 (Thim, J.).
This court has reviewed the transcript of the hearing of October 24, 1991 (Karazin, J.) and finds it was entered by agreement of counsel and the parties after withdrawal of the plaintiff's motion for contempt dated September 12, 1991. There was no evidence nor testimony presented at that time, and Judge Karazin made no findings of fact. In addition, there was no evidence presented at this hearing that the plaintiff or her attorney had any knowledge of the defendant's actual income.
At the hearing held February 9, 1995, the court heard testimony and received evidence which was the basis for its memorandum of decision dated March 2, 1995, which the defendant now moves to set aside. The court made certain findings of fact as follows:
1. There was no evidence of a court approving the stipulation in which the parties agreed to reduce the alimony from $450 to $300 a week.
2. The defendant had made a material misrepresentation that his income had been reduced by one-third upon which the plaintiff relied in agreeing to reduce the child support order by one-third.
3. The defendant's financial affidavits established that instead of receiving one-third less income his income had increased during the past five years. At present, the court found his net current weekly income has increased to $1,440 from a net weekly income of $855 in 1989. In 1993, his W-2 reported salary income of $127,447.58.
4. The plaintiff's attorney found out about the increase in the defendant's income in December, 1994 and brought the motion for contempt about a month later; therefore, there was no waiver or laches involved in this case.
These findings and the additional findings of fact as set forth in the court's memorandum of decision dated March 2, 1995 are affirmed.
ROMEO G. PETRONI, JUDGE CT Page 4835